**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **BORIS YANKIN** | **CIVIL ACTION NO. 1:26-2257** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ALEXANDER C. VAN HOOK** |
| **ELEAZAR GARCIA, JR., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Boris Yankin,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 14]. For reasons below, the Court should deny this petition.

## Background

Petitioner is a citizen of Russia. "Petitioner was admitted to the United States at Jamaica, New York, on or about December 13, 2022 as a nonimmigrant visitor for business with authorization to remain in the United States for a temporary period not to exceed June 12, 2023. Petitioner remained in the United States beyond June 12, 2023 without authorization." [doc. # 14, p. 1]. He has no criminal history and no "history of missing court hearings." [doc. # 1, p. 3].

On approximately July 26, 2025, ICE detained Petitioner. [doc. # 9, p. 4].

---

[1] Petitioner's "A Number" is 242-192-232.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

On November 10, 2025, an immigration judge ordered Petitioner removed. Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA") on approximately November 26, 2025; his appeal is pending.[3] [doc. # 9, p. 5].

On March 26, 2026, an immigration judge denied Petitioner's request for a custody redetermination after "full consideration of the evidence presented," finding that Petitioner was a flight risk. [doc. # 1-1, p. 1].

On approximately June 17, 2026, the BIA received Petitioner's brief.

Petitioner filed this proceeding on approximately June 23, 2026. [doc. # 1]. He claims that the Government is violating the Immigration and Nationality Act and his right to due process by denying him bond. [doc. # 9, p. 6]. He argues that "DHS erred by failing to see that [he] has no criminal record in the U.S." *Id.* He also challenges the immigration judge's bond decision, arguing that the judge "was wrong to rely on DHS's erroneous information . . . ." *Id.* He maintains that the immigration judge "who reviewed the case abused his discretion." [doc. # 1, p. 14].

Respondents opposed the petition on September 3, 2026. [doc. # 14].

## Law and Analysis

### I. Due Process

Petitioner claims that his detention without a bond hearing violates his right to procedural and substantive due process.

Petitioner, however, had a bond hearing/custody redetermination hearing. As above, on March 26, 2026, an immigration judge denied Petitioner's request for a custody redetermination after "full consideration of the evidence presented," finding that Petitioner was a flight risk.

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited September 22, 2026).

Petitioner, in other words, received the process he claims he lacked.

Accordingly, the Court should deny this claim.

**II. Bond Hearing**

Whether couched in an alleged due process violation or a violation of the Immigration and Nationality Act, Petitioner plainly challenges the immigration judge's denial of bond and opinion that he is a flight risk.

The parties do not dispute that Petitioner is detained under 8 U.S.C. § 1226. Under Section 1226(a)(2), "the Attorney General . . . may release the alien on" bond. Under 8 U.S.C. § 1226(e), however: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

Here, consequently, the Court lacks jurisdiction over Petitioner's claim.[4]

[4] *See Mol v. Garcia*, 2026 WL 1239308, at *2 (W.D. La. Apr. 20, 2026), *report and recommendation adopted,* 2026 WL 1233408 (W.D. La. May 5, 2026) ("The immigration judge's finding that Mol is a danger to the community is not reviewable in federal court. *See* 8 U.S.C. § 1226(e)[.]"); *Shcherbinin v. Rice*, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025), *report and recommendation adopted,* 2025 WL 3698403 (W.D. La. Dec. 19, 2025) ("Shcherbinin did not convince the immigration judge that he was no danger to the community, so the judge denied release pending a decision on whether Shcherbinin is to be removed from the United States. The Court lacks authority to review this discretionary decision."); *Valles v. De-Anda*, 2026 WL 1232394, at *2 (W.D. Tex. May 5, 2026) ("Because the decision to detain Petitioner without bond was made following an individualized review of the record by an Immigration Judge, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims."); *Fraihat v. Barr*, 790 F. App'x 120, 121 (9th Cir. 2020) ("[H]e challenges the agency's interpretation of his conviction record and asks that we find him not dangerous. That challenge is barred by Section 1226(e).").

**Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Petitioner Boris Yankin's petition for habeas corpus be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*****, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 23rd day of September, 2026.

Kayla D. McClusky
United States Magistrate Judge